**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1896**

_____

VITALIE ALEXANDRU BONDARI; OLGA SERGEEVNA VTYURINA,

　　　　　Petitioners,

　　　v.

ERIC H. HOLDER, JR., Attorney General,

　　　　　Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: February 20, 2015　　　Decided: February 25, 2015

_____

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Joseph J. Rose, New York, New York, for Petitioners. Joyce R. Branda, Acting Assistant Attorney General, Anthony Payne, Assistant Director, Jennifer Paisner Williams, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vitalie Alexandru Bondari, a native of the Soviet Union and a citizen of Moldova, and his wife, Olga Sergeevna Vtyurina, a native of the Soviet Union and a citizen of Russia, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's ("IJ") order denying Bondari's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[*]  Bondari claimed that he was persecuted in Moldova because of his Roma-Georgian ("Roma") heritage.  The Petitioners challenge the following findings of fact:  (1) Bondari was not a credible witness; (2) insufficient corroborating evidence supported his claim; (3) the Petitioners failed to show a pattern or practice of persecution of Roma in Moldova; and (4) the Petitioners failed to show that it was more likely than not that Bondari will be tortured if he returns to Moldova.  We deny the petition for review.

Because the Board did not adopt the IJ's opinion in whole or in part, our review is limited to the Board's order. Martinez v. Holder, 740 F.3d 902, 908 & n.1 (4th Cir. 2014). Upon reviewing the record, we conclude that substantial evidence

---

[*] Bondari is the primary applicant for relief and Vtyurina the derivative applicant.

2

supports the Board's reasons for finding no clear error in the IJ's adverse credibility determination. See Hui Pan v. Holder, 737 F.3d 921, 926 (4th Cir. 2013). Bondari's equivocal testimony regarding his receipt of documents from Moldova supporting his claim, and his failure to identify the pro-Roma organization in which he claimed membership, both supported the adverse credibility finding. We see no reason to disturb the finding that the Petitioners failed to submit sufficient evidence corroborating the claims or showing a pattern or practice of persecuting Roma in Moldova. See 8 U.S.C. § 1252(b)(4)(B) (2012) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). We also conclude that substantial evidence supports the finding that Bondari did not demonstrate that he is more likely than not to be tortured in Moldova, so he was not eligible for relief under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED